FILED
2005 Apr-20  AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | CR-04-PT-0199-S |
| | ) | |
| McWANE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The court is further considering the issue of what constitutes a "pending proceeding"
under 18 U.S.C. § 1505 with reference to Count 25 of the indictment.

The court adheres to its previous determination that the Government will have to prove at
trial that there was at least an investigation, based upon previously pending concerns which
called for investigative activities, and not just a usual inspection. This determination, at this
stage, is merely advisory of the court's planned instructions. The instructions are subject to
change both as to form and substance, but the court's present intent is as stated above. The
determination does not call for a present dismissal of Count 25.

The court's determination is based upon, *inter alia*, the following:

1. *United States v. Kelley*, 36 F.3d 1118 (D.C. Cir. 1994), so substantially relied upon by the
Government, includes the following language:

> Kelley argues that § 1505 applies only to adjudicatory or rule-making activities,
> and does not apply to wholly investigatory activity. Although this Court has not
> previously addressed this issue, we hold that the formal investigation opened by
> the Office of the Inspector General of AID was a "proceeding" within the meaning
> of § 1505.

> On several occasions, other courts have held that agency <u>investigative activities</u> are proceedings within the scope of § 1505.

36 F.3d at 11127 (emphasis added).  This court's determination is consistent with that in

*Kelly.*

2.      The Government also relies on *United States v. Sutton,* 732 F.2d 1483 (10th Cir. 1984).

That court stated:

> Michael Bloese, formerly an auditor for the United States Department of Energy, testified that he had served a subpoena on a BPM employee that directed defendant, as president of BPM, to produce certain records so that the DOE could conduct an audit of BPM. Agency <u>investigative activities</u> are "proceedings" within the meaning of § 1505.

732 F.2d at 1490 (emphasis added).  Again, consistency.

3.      The court notes that there is a separate statute at 18 U.S.C. § 1516 which covers an "audit or a quality assurance inspection" with reference to the Secretary of Housing and Urban Development, suggesting that § 1505 is not sufficient to cover that situation.  *See also* 18 U.S.C. § 1517.[1]

This court is not aware of any case which has held that an inspection, as opposed to an investigation, is a "pending proceeding."  The court notes that most of the cases finding an activity to be a "proceeding" require that the investigative activity be at least preliminary to a pending potential adjudicative type hearing.  In general, the court concludes that neither the term "pending" nor the term "proceeding" is meant to be inclusive of all agency action, even if the agency has adjudicative and rule-making authority.  *Compare Taran v. United States,* 266 F.2d

---

[1] The court notes that the court in *United States v. Leo,* 941 F.2d 181 (3rd Cir. 1991), rejected a similar argument with regard to § 1516.  This court does not totally rely upon such an argument, but does find it to be significant.

561 (8th Cir. 1959).  The Motion to Dismiss Count 25 is denied, without prejudice to further

motions at trial.


This 20th of April, 2005.



**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**