FILED
2005 Apr-20  AM 11:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | CR-04-PT-0199-S |
| | ) | |
| McWANE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

The court further considers the issue of the *mens rea* factor applicable to the essential

elements of Counts 2-23.  Again, this is an advisory opinion as to the count's present intention

with regard to jury instructions.  The instructions are subject to change, substantively and as to

form.

The general law in the area is relatively clear.  The application may not be so clear.

Unquestionably, the general requirement of the government's proof is that, to the extent

applicable to the essential elements, the conduct be done "knowingly."  The Eleventh Circuit

Pattern Jury Instruction 9.2 states:

> The word "knowingly," as that term has been used in the indictment or in these
> instructions, means that the act was done voluntarily and intentionally and not
> because of mistake or accident.

The Fifth Circuit has stated:

> Indeed, we find it eminently sensible that the phrase "knowingly violates" in §
> 1319(c)(2)(A), when referring to other provisions that define the elements of the
> offenses § 1319 creates, should uniformly require knowledge as to each of those
> elements rather than only one or two. To hold otherwise would require an
> explanation as to why some elements should be treated differently from others,

which neither the parties nor the caselaw seems able to provide.

*United States v. Ahmad,* 101 F.3d 386, 390 (5th Cir. 1996).[1]  This was in response to the

following stated issues:

> The principal issue is to which elements of the offense the modifier "knowingly" applies. The matter is complicated somewhat by the fact that the phrase "knowingly violates" appears in a different section of the CWA from the language defining the elements of the offenses. Ahmad argues that within this context, "knowingly violates" should be read to require him knowingly to have acted with regard to each element of the offenses. The government, in contrast, contends that "knowingly violates" requires it to prove only that Ahmad knew the nature of his acts and that he performed them intentionally. Particularly at issue is whether "knowingly" applies to the element of the discharge's being a pollutant, for Ahmad's main theory at trial was that he thought he was discharging water, not gasoline.

*Id.*

> The fact that violations of § 1319(c)(2)(A) are felonies punishable by years in federal prison confirms our view that they do not fall within the public welfare offense exception.

*Id.* at 391.  The court reversed a conviction because the trial court did not make the term

knowingly clearly applicable to each factual element.  *Id.*

The Fourth Circuit has held similarly.  That court stated:

> In light of our conclusion that the government need only prove the defendant's knowledge of the facts meeting each essential element of the substantive offense and not the fact that defendant knew his conduct to be illegal, in order to establish a felony violation of the Clean Water Act, we hold that it must prove: (1) that the defendant knew that he was discharging a substance, eliminating a prosecution for accidental discharges; (2) that the defendant correctly identified the substance he was discharging, not mistaking it for a different, unprohibited substance; (3) that the defendant knew the method or instrumentality used to discharge the pollutants; (4) that the defendant knew the physical characteristics of the property into which the pollutant was discharged that identify it as a wetland, such as the

---

[1] Contrary to some suggestions which have been made to this court, the Fifth Circuit has acknowledged that "[t]he language of the CWA is less than pellucid." *Ahmad,* 101 F.3d at 389.

presence of water and water-loving vegetation; (5) that the defendant was aware of the facts establishing the required link between the wetland and waters of the United States; and (6) that the defendant knew he did not have a permit. This last requirement does not require the government to show that the defendant knew that permits were available or required. Rather, it, like the other requirements, preserves the availability of a mistake of fact offense if the defendant has something he mistakenly believed to be a permit to make the discharges for which he is being prosecuted.

*United States v. Wilson,* 133 F.3d 251, 264 (4th Cir. 1997) (footnote omitted).  That court also

stated:

These facts might seem to fall into the category of "jurisdictional facts" which under *United States v. Feola*, 420 U.S. 671, 676 n. 9, 684, 95 S.Ct. 1255, 1260 n. 9, 1263-64, 43 L.Ed.2d 541 (1975), the government need not prove the defendant knew. In *Feola*, however, those facts served only the purpose of designating which of two authorities would prosecute the crime, the underlying crime of assault being criminal at all times either under state law or, if involving a federal official, as in that case, under federal law. *See Feola*, 420 U.S. at 683, 95 S.Ct. at 1263. Maryland does, by statute, regulate the discharge of pollutants into certain waters within its jurisdiction, as well as prohibiting the destruction of wetlands, see Md.Code Ann., Envir. §§ 4-101 to 4-708; § 16-302, but as those statutes do not appear to cover the property here in question, we do not find this situation to be governed by *Feola*.

*Id.* at 264 n*.

If there is any agreement in the cases, it is that a defendant does not have to know the law or know that his act or conduct is illegal.  The term "knowingly" applies to the factual, not the legal, aspects of the essential elements.  That begs the question of what is factual and what is legal.  The following allegations would appear to be purely factual:

(1)     That there was a discharge;

(2)     Of process wastewater;

(3)     From a storm water outfall;

(4)     Into Avondale Creek.

What is not so clear is whether a defendant must "know" that the process wastewater is a "pollutant;" and/or what a "point source" is; and/or what constitutes "waters of the United States;" and/or that Avondale Creek was part of such "waters;" etc.

A factor that may distinguish this case from others is that this case involves a claimed violation of an NPDES permit.  It may well be that the only "factual" elements are:

(1)    A discharge;

(2)    Of process wastewater;

(3)    From a storm water outfall;

(4)    Into Avondale Creek.

The waters of the Untied States may or may not be a jurisdictional element depending upon whether the violation would or would not also be a violation of state law.  See *Feola* and *Wilson*, *supra*.

This court agrees with the case of *United States v. Sinskey,* 119 F.3d 712, 715 (8th Cir. 1997) that "the word 'knowingly' modifies the acts constituting the underlying conduct," and does not "require proof that the defendant knew that his actions violated the law." *Sinskey* also holds that:

> To violate a permit limitation, however, one must engage in the conduct prohibited by that limitation. The permit is, in essence, another layer of regulation in the nature of a law, in this case, a law that applies only to Morrell. We therefore believe that the underlying conduct of which Sinskey must have had knowledge is the conduct that is prohibited by the permit, for example, that Morrell's discharges of ammonia nitrates were higher than one part per million in the summer of 1992. Given this interpretation of the statute, the government was not required to prove that Sinskey knew that his acts violated either the CWA or the NPDES permit, but merely that he was aware of the conduct that resulted in the permit's violation.

*Id.* at 715-16.  Further, the court stated:

> Our confidence in this interpretation is increased by decisions of the only other
> appellate courts to analyze the precise issue presented here. *See United States v.*
> *Hopkins*, 53 F.3d 533, 541 (2d Cir.1995), *cert. denied*, 516 U.S. 1072, 116 S.Ct.
> 773, 133 L.Ed.2d 725 (1996), and *United States v. Weitzenhoff*, 35 F.3d 1275,
> 1283-86 (9th Cir.1993), *cert. denied*, 513 U.S. 1128, 115 S.Ct. 939, 130 L.Ed.2d
> 884 (1995). Both cases held that 33 U.S.C. § 1319(c)(2)(A) does not require proof
> that the defendant knew that his or her acts violated the CWA or the NPDES
> permits at issue.

*Id.* at 716.

This court will likely follow *Sinskey* and the *Weitzenhoff* and *Hopkins* cases cited therein unless the defendants cite a controlling case to the contrary.  The issue is, however, one for jury instructions to be finally determined at that stage.  To the extent that motion(s) to dismiss Counts 2-23 are based on the *mens rea* issue, they are denied, without prejudice.  The court will further address the issue at trial with regard to instructions, etc.

This 20th of April, 2005.


**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**