IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                          CR 04-PT-199-S

**MCWANE, INC., JAMES DELK, MICHAEL
DEVINE, CHARLES "BARRY" ROBISON,
and DONALD BILLS**

   **Defendants.**

### MEMORANDUM

In addition to the court's previous discussions regarding Count 25, the court also notes the following.  Key language in Title 18 Section 1505 and the indictment is the following: ". . . . obstruct, and impede the due and proper administration of the law under which any pending <u>proceeding</u> is being <u>had</u> <u>before</u> any department or agency."  It appears obvious that the statute contemplates some formal type proceeding, not just the routine work of the department or agency.  Common usage and sense suggests that a "<u>proceeding</u>" is not being "<u>had</u>" "<u>before</u>" an agency when inspectors are performing a routine inspection.  It is undisputed that the inspection was a usual so-called 308 (Title 33, Section 1318(B)) inspection which does not require that there be a "pending proceeding."

This court is of the opinion that, perhaps, there is some stretch of the statute even when it is extended to "investigations" in contemplation of potential proceedings.  The language should not be stretched even further to encompass routine inspections.

This case is distinguishable from *Rice v. U. S.,* 356 F.2d 709 (8th Cir. 1966) where <u>charges</u> had been filed and the violation related to frightening witnesses into withdrawing the

charges.  *Also see Pettibone v. U. S.*, 148 U.S. 197, 205-207 (1893) and *United States v. Scungio*, 255 F.3d 11 (1st Cir. 2001).  It is doubtful, even if there were a "pending proceeding," that the evidence here would be sufficient to find obstruction.  This court will not significantly address that issue.  It is a substantial issue.

Apparently, the statute contemplates the pendency of an administrative hearing or, at least, something pending which involves investigating pending charges.  The statute falls under the general category of obstruction of an administrative proceeding, not just one of allegedly false statements.  Here, the first explicit recording of the allegedly false statement was fourteen months after the alleged event.  The initial notes purportedly related to the later recording are vague.  There is no reasonable inference that any statement made influenced, obstructed or impeded any pending proceeding or that anyone endeavored to do so.  There is evidence that the inspectors were otherwise aware of the circumstances which were purportedly denied.

This the 24th  day of May, 2005.

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**