## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                          **CR 04-PT-199-S**

**MCWANE, INC., JAMES DELK, MICHAEL
DEVINE, and CHARLES "BARRY" ROBISON,**

      **Defendants.**

### MEMORANDUM

Attached is the court's latest draft of proposed jury instructions.  It should be noted that the court's first draft included some of the parties' suggestions which the court has later determined to be inappropriate, incomplete, etc.

These instructions as now drafted contemplate that the court will submit Count 1 on the basis of one object.  The court is not convinced that there was one grand conspiracy to illegally discharge and to make false reports involving all the charged defendants.  The court will likely grant the defendants' Rule 29 motions to this extent.  The real issue is whether there was or was not a conspiracy to make illegal discharges.

On or before June 1, 2005, the parties will (1) list (by page numbers of the proposed instructions) any objections to the proposed instructions as written; (2) list any proposed additions to the proposed instructions along with suggested locations based upon the proposed instructions page numbers.

This the 26th day of May, 2005.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

## COURT'S INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions–what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find a Defendant guilty of a crime charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against a Defendant or the Government.

You must follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so as to a count or counts , you must find that Defendant not guilty as to the count or counts under consideration.

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.

3

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be unduly concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making those decisions you may believe or

disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**[HERE PUT FELONY CONVICTION LANGUAGE]**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field, sometimes referred to as an expert witness,  is

permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

The charges against the Defendants in this case are before you in the form of counts which allege the violations of various federal offenses against one or more Defendants.  The charges against each Defendant in each count are to be considered separately by you as to each Defendant as if that Defendant were on trial before you separately.

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of a Defendant are willfully directed or authorized by that Defendant, or if a Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds that  Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the

crime.  You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

I will instruct you as to the essential elements which the Government must prove beyond a reasonable doubt as to each count and each Defendant.

### COUNTS 2-22

Counts 2 through 22 of the indictment each charge violations of the same federal statutes. Counts 2 through 11 charge violations of these statutes against only the Defendants McWane, Inc., James Delk and Michael Devine.  Counts 12 through 22 charge violations of these same federal statutes against only the Defendants McWane, Inc, and James Delk.

Various federal statutes in Title 33 of the United States Code known as the Clean Water Act prohibit discharges of pollutants into the "waters of the United States" except in accordance with a permit.  These permits known as National Pollutant Discharge Elimination System ("NPDES') permits impose limits on the types and amount of pollutants that can be discharged from a facility into the waters of the United States.  Title 33, Section 1319(c)(2)(A) provides that it is unlawful for any person to knowingly violate a permit condition or limitation of a NPDES permit issued by the federal Environmental Protection Agency ("EPA") or by an authorized state agency such as ADEM, which condition or limitation implements one or more specified provisions of said Clean Water Act.

Sections 1319(c)(2)(A) and 1311(a) of Title 33 of the United States Code provide, in part, that any person who knowingly discharges a pollutant in violation of a Clean Water Act permit commits a crime.

Counts 2-11 of the Indictment each allege that in or about the months of May 1999 through February 2000, Defendants McWane, Inc.,  James Delk, and Michael Devine, knowingly discharged

7

or caused the discharge of a pollutant by discharging process wastewater from stormwater outfall DSN002 into Avondale Creek, a water of the United States,  in violation of Defendant McWane, Inc's. NPDES permit because that permit only allowed for the discharge of "stormwater runoff from industrial activity," and not process wastewater.

Counts 12-22 of the Indictment allege that in or about the months of March 2000 through January 2001, Defendants McWane, Inc. and James Delk knowingly discharged or caused the discharge of a pollutant by discharging process wastewater from stormwater outfall DSN002 into Avondale Creek, a water of the United States,  in violation of Defendant McWane, Inc.'s NPDES permit because that permit only allowed for the discharge of "stormwater runoff from industrial activity," and not process wastewater.

To find any charged Defendant guilty of any of Counts 2-22, you must unanimously agree that each and every one of the following events has been proven by the Government beyond a reasonable doubt:

**First**,    that on or about the dates alleged in the Count under consideration, the Defendant  knowingly discharged or caused a discharge of process wastewater which was a pollutant;

**Second**,    that the Defendant knew that the content of the discharge was process wastewater and was not, in fact, stormwater;

**Third**,    that the Defendant knew that the water was discharged from the point source DSN002 into Avondale Creek;

**Fourth**,    that Avondale Creek was a water of the United States; that is, that Avondale Creek was  a  stream called a tributary which flowed directly or indirectly into a navigable river, even if intermittently.  The Government does not have to prove beyond a reasonable doubt that a Defendant knew that Avondale Creek was such a tributary;

**Fifth**,    that the discharge violated McWane, Inc.'s NPDES permit.  The Government

8

does not have to prove that a defendant knew the terms of the permit.

If only storm water was discharged, or if a Defendant thought he or it was only discharging storm water when he or it  was actually discharging process wastewater, then you must find that Defendant not guilty.

In each of Counts 2 through 22, the Government has alleged  that illegal discharges occurred during a particular calendar month.  In order to convict a Defendant of any such count, you must all unanimously agree, in connection with the elements described previously, that an unpermitted  discharge occurred during the month charged in the count being considered.

Only if you are convinced that the Government has met its burden of proof beyond a reasonable doubt as to each and every one of these elements may you return a guilty verdict as to any specific count.

With regard to Counts 2 through 22, in order to convict a Defendant you must find, beyond a reasonable doubt, that the Defendant discharged or caused the discharge of  "process wastewater" as it is defined by McWane, Inc.'s NPDES Permit into Avondale Creek.  If you do not find that a Defendant discharged or caused the discharge of process wastewater, as it is defined, into Avondale Creek, but discharged a different type of water—such as only storm water runoff into Avondale Creek, you must find the Defendant not guilty of any such count in Counts 2 through 22.

**[PROCESS WASTEWATER IS DEFINED AS ....]**

The word "knowingly" as it is used in Counts 2-22 of the indictment means that the act was done voluntarily and intentionally and not by mistake or accident.  To prove a knowing violation of the Clean Water Act as charged in Counts 2-22, the Government must meet its burden of proof beyond a reasonable doubt that a Defendant had knowledge of the act, and that the Defendant's

actions or failure to act were not only the result of mistake, ignorance, accident, negligence, or carelessness. By the term "accidental" or an "accident" is meant an event which takes place without one's foresight or expectation; that is,  an undesigned, sudden and unexpected event.

The term "negligence" means failure to use reasonable care.  In other words, the Government must prove more than that a Defendant failed to act as a reasonably prudent person would under the same circumstances.  Again, a Defendant did not have to know that Avondale Creek was a tributary of a navigable river.  The government is not required to prove that the discharge of pollutants caused any damage or harm in order to establish the criminal offense charged under Counts 2-22.

Knowledge may be established by direct or circumstantial evidence.  One may not willfully or intentionally remain ignorant of a fact, material or important to his conduct to escape the consequences of criminal law.  The element of acting knowingly may be satisfied if you find beyond a reasonable doubt  that the defendant willfully or intentionally remained ignorant of relevant material facts.

If you find beyond a reasonable doubt that a Defendant was aware that there was a high probability that employees of McWane, Inc. were discharging process wastewater in violation of the NPDES Permit but  he or it deliberately and consciously avoided confirming this fact,  then you may treat this deliberate avoidance as the equivalent of knowledge, unless you find that the defendant actually believed that McWane, Inc. employees were not discharging process wastewater in violation of the NPDES Permit.

In other words, you may find that a Defendant acted "knowingly" if you find beyond a reasonable doubt either: (1) that a Defendant actually knew that process wastewater was being

discharged contrary to the NPDES permit, or (2) that he or it deliberately closed his or its eyes to what he or it had every reason to believe was the fact.

Again, however, the requisite proof of knowledge on the part of the Defendant cannot be established by merely demonstrating that the Defendant was negligent, careless or foolish.

In considering whether something is or is not a mistake or accident, you can consider whether there was a pattern of repeated incidents which were foreseeable or expected.

The government need not prove that a Defendant intended to violate the law or that a Defendant had any specific knowledge of the specific requirements of the conditions and limitations of the permit.

You should consider the Defendants' behavior in light of all of the circumstances and the instructions that I give you in determining whether the Government has established beyond a reasonable doubt that a Defendant has acted knowingly.

As to Counts 2-22, the term "pollutant" includes **[GET DEFINITION]**

As to Counts 2-22, a "water of the United States" includes any stream which may eventually flow into a navigable stream or river.  The Government does not have to prove that the stream into which a discharge is made is itself navigable in fact.  What it must prove is that the stream into which the discharge is made may eventually flow directly or indirectly into a navigable stream or river.  The stream into which the discharge is made may be natural or manmade and may flow continuously or only intermittently, as long as it may eventually flow directly or indirectly into a navigable stream or river whose use affects interstate commerce.  A navigable stream or river is

11

defined as **[GET].**

## COUNT 24

Count 24 of the Indictment charges Defendants McWane, Inc. and Robison with knowingly and willfully making a false statement to the EPA in violation of 18 U.S.C. § 1001. This statute states that whoever, in any matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully makes any materially false, fictitious, or fraudulent statement or representation commits the offense of making a false statement.

Count 24 alleges that the Defendants McWane, Inc. and Robison knowingly and willfully falsely certified with regard to documents submitted or transmitted to the EPA by McWane, Inc. Specifically, Count 24 alleges that on September 15, 2000, Defendants McWane, Inc. and Robison submitted a certification to the EPA accompanying a set of documents requested by the EPA. The documents were allegedly prepared by McWane, Inc. employees from 1995 to 2000. The certification in question states:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to ensure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, I certify that the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

In order to meet its burden of proof that a Defendant is guilty of making a false statement to the United States, the Government must establish beyond a reasonable doubt that:

(1)     on or about the date specified, a Defendant made the certification as I have read it to you;

(2)     the certification was false, fictitious or fraudulent;

(3)     the Defendant made the false, fictitious or fraudulent certification intentionally, knowing that the certification was false at the time it was made;

(4)     the certification was material;

(5)     the certification was within the jurisdiction of an agency of the United States; that is, the EPA; and

(6)     the Defendant made the false certification with the intent to deceive the EPA.

**First Element – Statement or Representation**

The first element that the Government must prove beyond a reasonable doubt is that the Defendant Robison made a statement or representation.  Thus, the Government must prove either that the Defendant Robison physically made the specific certification statement alleged to be false.

**Second Element – False, Fictitious or Fraudulent Statement**

The second element that the Government must prove beyond a reasonable doubt is that the certification was false, fictitious, or fraudulent.  A certification is "false" or "fictitious" if it was untrue when made, and the person making it or causing it to be made knew at the time that it was untrue.  A certification is "fraudulent" if it was untrue when made, and it was made or caused to be made with the specific intent to deceive the EPA.

The statement that you must consider in this Count is the certification signed by Mr. Robison. Count 24 is based on the falsity of the certification, not the falsity of the inspection forms.

In addition, if a certification was literally true at the time that it was made, it is not a false

13

certification under the law.  If you find that the certification  alleged in Count 24 was literally true on or about the dates the certification was made, you must find the Defendants not guilty on that count.

### Third Element – Knowing and Willful Conduct

The third element that the Government must prove beyond a reasonable doubt is that the Defendant acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.  A person acts "knowingly," as that term is used in these instructions, if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reasons.  To find Defendants Robison and  McWane, Inc. guilty of Count 24, the Government must prove beyond a reasonable doubt that the Defendants had personal knowledge that the specific certification statement alleged was false.

A person who makes, submits, or uses a statement or writing which that person believes to be truthful does not "knowingly" make, submit, or use a false, fictitious, or fraudulent statement.

An act is done willfully if it is done with an intention to do something the law forbids, with a bad purpose to disobey the law.  A person acts "willfully," as that term is used in these instructions, when that person acts deliberately, voluntarily, and intentionally.  Under Count 24, if you find that Defendant Robison did not act willfully, that is deliberately, voluntarily and intentionally in signing the certification accompanying the inspection forms submitted to the EPA, you must find him not guilty of Count 24.  If you so find, then, because Defendant McWane, Inc. can act only through its

14

employees or agents, you must also find Defendant McWane, Inc. not guilty.

### Fourth Element – Materiality

The Government must also prove beyond a reasonable doubt that the certification was material. A certification is material if it could have influenced the EPA, in its normal decisions or activities. Proof of actual reliance on the certification by the EPA is not required. The test is whether the false certification had the capacity to impair or pervert the functioning of a governmental agency. In other words, a certification is material if it related to an important fact, as distinguished from some unimportant or trivial detail. Of course, before a false certification could be material, one or more of the attached documents must be untrue, inaccurate or incomplete.

If you determine that the certification was false, then you may consider whether it was material, that is, whether it could have influenced the EPA's decision or activities. If you determine that the certification was not material, you must find the Defendants not guilty as to Count 24.

### Fifth Element – Matter Within the Jurisdiction of the United States Government

As I have told you, the fifth element with respect to Count 24 is that the statement was made with regard to a matter within the jurisdiction of an agency or department of the Government of the United States. I charge you that the EPA is a department of the United States Government.

To be within the jurisdiction of a department or agency of the United States Government means that the statement must concern an authorized function of that department or agency.

### Sixth Element – Intent to Deceive

15

As I have told you, the sixth element that the Government must prove beyond a reasonable doubt is that the Defendant made the statement for the purpose of misleading the EPA.  If you find that the Government has not proven beyond a reasonable doubt that Defendant Robison acted with the purpose of misleading the EPA when he signed the certification accompanying the inspection forms, you must find him not guilty.  If you find that Defendant Robison did not act with the purpose of misleading the EPA, because Defendant McWane, Inc. can act only through its employees or agents, you must also find Defendant McWane, Inc. not guilty.

As I have said, the statement at issue in Count 24 is the certification submitted to the EPA on September 15, 2000.  To find Defendants McWane, Inc. and Robison guilty of making a knowing and willful false statement, all jurors must agree that  the certification, is, in fact, false, fictitious, or fraudulent.  Moreover, all jurors must find that Defendant Robison had personal knowledge of the falsity of the certification, and that he  acted willfully and with the intent to deceive as to the falsity of the certification.   If you do not unanimously agree that the certification was false, fictitious, or fraudulent, and that the Defendant Robison knowingly and willfully made the certification accompanying the false statement with the intent to deceive, you must find the Defendants not guilty of Count 24.

Before a defendant can be found guilty of Count 24, the Government must prove beyond a reasonable doubt that the defendant Robison knowingly and willfully made a false, fictitious or fraudulent statement when he certified, if he did, that:

    (1) The document and all attachments were prepared under his direction in accordance with a system designed to ensure that qualified personnel properly gather and evaluate the information submitted; or

(2)  He made an inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information; or

(3)  Based on said inquiry that the information submitted was true, accurate and complete to the best of his knowledge and belief.

A person who makes a certification  on a belief, opinion, or interpretation honestly held is not punishable under the provisions of 18 U.S.C. § 1001 merely because the belief, opinion, or interpretation eventually turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

The law as to Count 24 is written to subject to criminal punishment only those people who intentionally make a statement or representation that they know to be false at the time it was made. A certification made with "good faith" belief in its accuracy does not amount to a false statement and is not a crime.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held and an absence of malice or ill will.

In determining whether or not the Government has proven beyond a reasonable doubt that the Defendant Robison  acted with the specific intent to make a certification  that he  knew to be false at the time it was made, you must consider all the evidence in the case bearing on the Defendant Robison's state of mind.

The burden of proving good faith does not rest with the Defendants because the Defendants do not have any obligation to prove anything in this case.  It is the Government's burden to prove to you, beyond a reasonable doubt, that Defendant Robison acted with the specific intent to make a  certification that he knew to be false at the time the certification was made.

As you have heard, the Government has alleged that Defendant Robinson made a false statement by signing the certification that accompanied the inspection forms submitted to the EPA. If you find that Defendant Robison acted in good faith in signing the certification, you must find him not guilty because the Government has not established that Defendant Robison acted with specific intent. In that event, as I have previously instructed you, because Defendant McWane, Inc. can act only through its employees and agents, you must also find Defendant McWane, Inc. not guilty of Count 24.

## COUNT 1

The last count that I will instruct you with reference to is Count 1. Count 1 does not allege the commission of any specific federal offense as such. What it does is to allege a conspiracy or unlawful agreement by two or more of the defendants to violate the offense charged in Counts 2 through 22 of the indictment, that is to knowingly discharge or cause the discharge of a pollutant from a point source into the waters of the United States in violation of a NPDES permit.

The relevant Federal statute on this subject is 18 U.S.C. § 371. It provides: "If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States]."

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member. For you to find a Defendant guilty of this crime, you must be convinced that the Government has met its burden of proof beyond a reasonable doubt as to each of

the following as to that Defendant under consideration:

First: That the  Defendant under consideration and at least one other person made an agreement  to knowingly violate the Clean Water Act as charged in Counts 2-22.

Second: That the Defendant knowingly and willfully became a member of the conspiracy;

Third: That at least one of the members of the conspiracy knowingly committed at least one of the overt acts listed in the Indictment; and

Fourth:  That the overt act or acts which you find to have been committed were committed to further some objective of the conspiracy.

The first element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement alleged in Count 1.

In order for the Government to satisfy this element, the Government must prove beyond a reasonable doubt that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

Involvement in an event, even with knowledge that a crime is being committed is not sufficient to establish an unlawful agreement.  Nor does the fact that certain persons may have associated with each other, worked together, participated in meetings together, or communicated with each other in person or by document necessarily establish proof of the existence of a conspiracy. Moreover, a person who has no knowledge of a conspiracy, but who happens to act in a way which

advances some purpose of a conspiracy, does not thereby become a conspirator.  Negligent conduct on the part of a Defendant alone does not make him a conspirator.  In other words, to establish the existence of a conspiracy, the Government must prove beyond a reasonable doubt knowing and willful agreement to achieve a common unlawful purpose. To find a Defendant guilty of the conspiracy alleged in Count 1, you must find beyond a reasonable doubt that the Defendant knowingly and willfully agreed to knowingly violate the Clean Water Act, by knowingly discharging pollutants as charged in Counts 2-22.

The second element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the Defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy alleged in Count 1 existed, you must next ask yourselves who the members of that conspiracy were.  In deciding whether the Defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objective?

I want to caution you, however, that association with, working with, meeting with, or communicating with one or more members of the conspiracy, whether that conspirator is a defendant in this case or not, does not in and of itself make the Defendant a member.

I also want to caution you that knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a Defendant, without knowledge,

happen to further the purposes or objectives of the conspiracy does not make the Defendant a member.  Either negligence or careless conduct is not enough.  More is required under the law. What is necessary is that the Defendant must have participated with knowledge of the purpose or objective of the conspiracy and with the intention of aiding in the accomplishment of that unlawful end, namely to knowingly violate the Clean Water Act as charged in Counts 2-22.

In sum, the Defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking, in order to become a conspirator.

The third element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that at least one of the overt acts alleged in the Indictment was knowingly and willfully committed by at least one of the conspirators, at or about the time and place alleged.

In order for the Government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment be proven; it is sufficient if the Government proves beyond a reasonable doubt one such act; but in that event, in order to return a verdict of guilty, you must unanimously agree upon which act or acts were done.

Not everything an alleged conspirator does constitutes an overt act.  Conspirators often do things that are not a part of any agreement with others.  You should understand that the law recognizes that this is particularly true of acts intended to cover-up an offense, since such acts are common to offenses that are not conspiracies.  Thus, an act done by a conspirator, on his own, in an

attempt to cover-up a conspiracy is not an act in furtherance of the conspiracy unless there was a common agreement among the conspirators that such acts would be committed for the purpose of achieving the objects of the conspiracy.

You must also find that the overt act occurred while the conspiracy was still in existence.

The fourth, and final, element that the Government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the Government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some unlawful object or purpose of the conspiracy, as alleged in the Indictment. Once again, you must all agree upon which act was done and the unlawful object or purpose of the conspiracy.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I have given you. Here, the Government has the burden of proving, beyond a reasonable doubt, the existence of only one overall conspiracy. If you find there was no conspiracy at all, or if you find there were several separate and independent conspiracies with various groups of members that did not include a Defendant, then you must find that Defendant not guilty.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy alleged in the Indictment, unless one of the conspiracies proved happens to be the single conspiracy described in the Indictment.

If you find that the conspiracy alleged in Count 1 did not exist, you cannot find any defendant guilty of the single conspiracy alleged in Count 1.  This is so even if you find that some conspiracy other than the one alleged in Count 1 existed, even though the purpose of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that a particular Defendant was a member of another conspiracy, and not the one alleged in Count 1, then you must find that Defendant not guilty of the conspiracy count.

Therefore, what you must do is determine whether the conspiracy alleged in Count 1 existed. If it did, you then must determine the nature of the conspiracy and who were its members.

If you find that a central core of conspirators recruited separate groups of co-conspirators to carry out the various functions of the illegal enterprise and that none of those recruits had knowledge of or connection with any other and dealt independently with the core conspirators, then you must find that there is not a single conspiracy, but rather multiple separate conspiracies.  In that case, you must find Defendants not guilty of Count 1.

The law requires the Government to bring criminal allegations within certain time limits. The limits are what we call "statutes of limitations."  These statutes of limitations in this case required the Government to file the Indictment within five years of the alleged offenses.  The Indictment was returned on May 25, 2004, which means that there cannot be a conviction for an alleged offense

which occurred before May 25, 1999.

The Government has the burden of proving that at least one overt act occurred after May 25, 1999. As I have told you, an "overt act" is an act by a conspirator intended to help achieve the objects of the alleged conspiracy. In order to find a Defendant guilty of conspiracy, you must find, beyond a reasonable doubt, that at least one of the overt acts proven to be in furtherance of the alleged conspiracy was committed within five years of the date of Indictment. The jury must unanimously agree on that overt act. If you find that a conspiracy existed, and that it included some or all of the Defendants, but that it ended on or before May 25, 1999, then you must find the Defendants not guilty of criminal conspiracy.

Defendant McWane, Inc. is a corporation.

A corporation can act only through its agents–that is, its directors, officers, employees, and other persons authorized to act for it.

To find McWane, Inc. guilty of any offense you must find beyond a reasonable doubt that;

(1) The acts required for each essential element of the crime charged against McWane, Inc. were committed by one or more of its employees; and

(2) in committing those acts the employees intended, at least in part, to benefit the corporation; and

(3) the acts were within the scope of employment of the employee or employees who

24

committed them.

The employees to be  considered are not limited to the individual defendants named in the indictment.

It is not necessary that the Government prove that a benefit to the corporation resulted.

If an employee was acting within the scope of his employment, the fact that the employee's act was illegal, contrary to his employer's instructions or against the corporation's policies will not relieve the corporation of responsibility for it.

A corporation such as McWane, Inc. can be found guilty of the charges against it only if the Government proves beyond a reasonable doubt that:

(1) That all the essential elements of the offense under consideration as set forth in these instructions are present in the form of acts of its employees, which were performed within the scope of their employment.  An employee's acts are within the scope of his employment if they fall within the kind of conduct he is employed to perform and are activated, at least in part, by a purpose to serve the corporation.  To be acting within his employment, the employee must have intended that his act would produce some benefit to the corporation.

With regard to an organizational defendant such as a corporation, its knowledge is the state of mind and the sum of the knowledge of all of its employees and agents.  That is, the corporation's knowledge is the totality of what all of the employees and agents knew within the scope of their employment.  You may use the sum of what the separate employees and agents

knew when determining the corporation's knowledge.  As with individuals, knowledge is usually established by surrounding facts and circumstances as of the times the acts in question occurred, and the reasonable inferences to be drawn from them.

In the context of a conspiracy allegation, the conspiracy can be between McWane, Inc. and one or more of its employees, whether or not the employee is named as a defendant in the indictment.

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately.  Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty.  Each defendant is on trial only for the specific offense alleged in the indictment.

When the Government alleges that a defendant committed a particular offense or offenses, the defendant may be only convicted of that specific offense or offenses and not an offense for which he was not charged.  Even if you believe that the Government has met its burden of proof, beyond a reasonable doubt, that a Defendant has committed an offense, you cannot  find that Defendant guilty of that offense if you determine that it was not an offense charged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges–judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous

27

agreement you will have your foreperson fill in the verdict form date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal (courtroom deputy) who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.