UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
|                             ) | |
|                             ) | |
| v.                          ) | CRIMINAL ACTION NO. |
|                             ) | CR-04-PT-0199-S |
|                             ) | |
| McWANE, INC., et al.,       ) | |
|                             ) | |
| Defendants.                 ) | |

## MEMORANDUM OPINION

This cause comes on to be heard on the Joint Renewed Motion for Judgment of Acquittal as to Count 23 (False Statement), filed by defendants McWane, Inc. and Charles "Barry" Robison on June 10, 2005.

The basic issues as to Count 23[1] are (1) whether there is a fatal variance from the offense charged by the grand jury, and (2) whether, in any event, the evidence was sufficient.[2] The certification at issue here was specifically and expressly the following:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to ensure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, I certify that the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

Count 23 charges:

---

[1] Count 24 before the redaction.

[2] Attached hereto is a summary of some of the defendants' arguments.

1

> On or about . . . September 15, 2000, in the Northern District of Alabama,
>
> MCWANE, INC. and CHARLES "BARRY" ROBISON,
>
> the defendants, in a matter within the jurisdiction of the United States Environmental Protection Agency ("EPA"), an agency of the executive branch of the Government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation that is, the defendants certified that documents submitted on or about . . . September 15, 2000, to EPA pursuant to a request under the Clean Water Act, Title 33, United States Code, Section 1318, including "Daily SWPP and Monthly SPCC Inspections" forms, were "true, accurate, and complete," when in truth and in fact, as defendants MCWANE and CHARLES "BARRY" ROBISON then well knew and believed, certain "Daily SWPP and Monthly SPCC Inspection" forms included in the submission to EPA were false.
>
> In violation of Title 18, United States Code, Section 1001 and Title 18, United States Code, Section 2.

Count 23 of the indictment does not make reference to the whole language of the certification. Instead, Count 23 states that defendants falsely certified "that documents submitted . . . to EPA pursuant to a request under the Clean Water Act, Title 33, United States Code, Section 1318, including 'Daily SWPP and Monthly SPCC Inspections' forms, were 'true, accurate, and complete' . . ."

Not specifically or expressly mentioned in Count 23 are the portions of the certification stating that: (1) "this document and all attachments were prepared under my direction or supervision in accordance with a system designed to ensure that qualified personnel properly gather and evaluate the information submitted;" or (2) "[b]ased on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information . . ."

It is not frivolous for the defendants to argue that there is a variance between the

allegation in Count 23 and the actual certification which was proved. The allegation includes only a selected portion of the total certification which was proved. The significant question is whether a mere allegation and/or proof of the falsity of only a portion of the certification is ample.

If the only specific certification had been that the documents submitted were "true, accurate, and complete," the charge in Count 23 would have likely been sufficient to suggest that defendant Robison had personally examined the documents. It would have probably not been necessary to allege that he read the documents before he so certified. The actual certification did not require or suggest that the defendants actually inspect the attached documents to determine their truth, accuracy, or completeness. The Government has not suggested that there is any evidence that Robison actually looked at the documents. It has not charged that he made false statements when he said: (1) that the documents "were prepared under [his] direction or supervision;" or, (2) that the documents were prepared "in accordance with a system designed to ensure that qualified personnel properly gather and evaluate the information;" or, (3) that the certification of truth, accuracy, and completeness was "[b]ased on [his] inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information."

On the other hand, there is sufficient evidence for a reasonable jury to have found that Robison would have known, had he actually examined the documents, that some were false, inaccurate and incomplete. Further the certification by Robison as to (1) preparation under his direction or supervision and (2) his inquiry may be considered as <u>evidence</u> of why he should have known of the falsity of the statement actually charged, that is that the documents were "true,

accurate, and complete." The grand jury could have accepted as being true his statements regarding preparation under his direction or supervision and his inquiry, and charged only that after such involvement he knowingly and willfully falsely certified that the documents were true accurate and complete.

This court, without certitude, concludes that there is no variance simply because the grand jury charged a false statement only as to a portion of the certification, not its totality.[3] The court further concludes, without certitude, that there is a reasonable inference of a knowing and willful violation because a reasonable jury could have found that if Robison supervised and directed the preparation and made an inquiry, as he certified, he would have known of the falsity of at least some of the documents. The motion will be denied.[4]

This 21st of July, 2005.

                                                               **ROBERT B. PROPST**
                                     **SENIOR UNITED STATES DISTRICT JUDGE**

---

[3] There are arguably two separate certifications, one in the first sentence and another in the second sentence.

[4] For other discussion of the issues, see this court's Memorandum Opinion with reference to Count 24 (now Count 23) filed on April 21, 2005. The court has not repeated the applicable legal standards which have been well-stated by the parties. The defendants have made reference to an opinion of this court filed on April 21, 2005 (Ct. Doc. 285). This court has made it plain that statements in pre-trial opinions were not to be deemed as rulings unless the court accompanied any such statement with express orders.

## ATTACHMENT

The following is a summary of some of the defendants' arguments:

1. The Government did not comply with the court's order to specify the evidence that supported the conviction because it had presented none at trial.

    - The Government failed to comply with the court's order that it identify "any specific evidence that Robinson reviewed the documents attached to the certification alleged to be false and any specific evidence that he learned from the certified 'inquiry' that they were false." The Government presented no such evidence at trial.

    - The Government made no attempt to show that Robinson reviewed the inspection forms, much less that he compared them to his audit or his notes.

    - Although the Government argues that Robinson knew that wastewater was being discharged into the creek, none of the McWane employees called by the Government testified that Robinson had such knowledge.

    - The evidence, relied upon by the Government, that Robinson made efforts to identify a solution for water management problems does not support the conviction, as it has no relationship to the issue of whether he made a false certification to the EPA.

2. The Government failed to prove that the certification was false, so it claims instead that it had to prove that the inspection forms were false. Because the Government presented no evidence that the certification was false, the jury clearly disregarded the court's

instructions.

- The court ruled that the Government could only prove a false statement if it proved that the certification was false, and that Robinson knew it was false when he signed it. The court stated that "[t]he government cannot merely prove that false statements were contained somewhere within the compilation and that the certifying defendant knew that such statements were false." In its Response, the Government cited no evidence that Robinson reviewed the documents or that he learned from his inquiry that they were false.

- Robinson's audit and notes do not support a conviction, because they neither conflict with the inspection forms for the same dates nor prove that those forms were false. The Government failed to prove that Robinson ever reviewed the inspection forms or compared them to his audit and notes from two years earlier. The Government also failed to prove that Robinson learned from his inquiry that the inspection forms were false.

- Any purported inconsistencies between the inspection forms and Robinson's observations of the plant can have no relation to the false statement charge. The only possible false statement must be in the certification, not the attached documents.

- The EPA, who wrote the certification, eliminated the requirement that the signer have personal knowledge of the documents. If, by removing the requirement of personal knowledge, the EPA created any ambiguity in the language of the

certification, the EPA, not the defendants, must bear the cost of that ambiguity.

- The court instructed the jury that it could only convict on Count 23 if it found that the certification was false, not if it found that some of the inspection forms were false and that Robinson knew something inconsistent with those forms. As the Government presented no evidence that the certification itself was false, the jury must have disregarded the court's instructions when it convicted defendants on that count.

3. The count presented to the jury was a variance from the count presented to the grand jury and charged in the Indictment.

- The indictment charged that defendants committed a false statement by certifying that certain inspection forms were true, accurate, and complete. In support of Overt Act 56, Agent Hedden testified before the grand jury that Robinson had submitted inspection forms to the EPA, knowing that they were false. The Government never presented to the grand jury the theory that the certification itself was false. As only a false statement in the certification could support a conviction, the only possible false statement in count 23 is a variance from the offense charged in the Indictment. Therefore the defendants must be acquitted because the change in the theory of Count 23 violates their rights. Further, the Government failed to offer any evidence at trial that could establish guilt according to the theory upon which the jury was instructed.

4. The Government's prospective policy argument has no bearing on this Motion.

- The Government's arguments regarding the EPA's future ability to enforce the

Clean Water Act are irrelevant. The court must focus on the present defendants' conduct and whether it violated the law.