FILED

2005 Sep-13  PM 12:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                  **CR 04-PT-199-S**

**MCWANE, INC., JAMES DELK, MICHAEL**
**DEVINE and CHARLES "BARRY" ROBISON,**

      **Defendants.**

### MEMORANDUM OPINION

        This cause comes on to be heard on the following motions: Motion of Defendant Charles

"Barry" Robison for a New Trial**;** Renewed Joint Motion for Judgment of Acquittal as to Count

One (Conspiracy) of McWane, Inc., James Delk, and Michael Devine; Renewed Joint Motion of

Defendants McWane, Inc., and Charles "Barry" Robison for Arrest of Judgment as to Count 23

(False Statement); Defendants' Joint Renewed Motion for Judgment of Acquittal as to Counts

Two Through 22 (Clean Water Act); Defendant Michael Devine's Renewed Motion for

Judgment of Acquittal as to Counts 1 (Conspiracy) and Counts 2, 3, 5 & 7-10 (Clean Water Act);

Defendant James Delk's Renewed Motion for Judgment of Acquittal as to Counts 1-3, 5, 7-19

and 21-22 (conspiracy and Clean Water Act);  and Defendants' Joint Motion for a new Trial on

Due Process Grounds filed on July 15, 2005.

        In a filing of July 27, 2005 the court listed all of these motions along with a list of the

defendants' arguments with regard to said motions.  The court now further addresses said

motions and arguments.[1]

# I

## Motion of Defendant Charles "Barry" Robison for a New Trial

The court has previously addressed some of defendant Robison's arguments in an opinion and order filed on July 21, 2005 denying his post-verdict motion for judgment as a matter of law. The court rejects Robison's arguments that he suffered prejudice from the admissibility of evidence which he argues could have been admissible only with regard to the conspiracy count. Any evidence which might have been relevant to a conspiracy charge against Robison was admissible with regard to the false statement count.

The arguments of Robison and McWane, Inc. with reference to the alleged prejudice resulting from the initial conspiracy count charge are mainly abstract. If Robison had not been charged in the conspiracy count, the evidence as to him would have been substantially the same. There was no attempt to claim that Robison was involved with the discharges. To the extent that there was, initially, an alleged concealment object of the conspiracy, that related to the alleged false statement. In effect, Robison and McWane, Inc. are now arguing that the Count 23 charge should have been severed. There was no motion for severance. The evidence as to the conspiracy would have been no different had Robison been charged only with Count 23.

While there may not have been sufficient evidence to establish that other individuals conspired with Robison to make a false statement, all of the evidence admitted with reference to

---

[1]The court will not repeat all the arguments and case citations of the parties nor the testimony of various witnesses. In general, it should be recognized that, as to the corporate defendant, there was testimony from corporate agents in which they admitted their own wrongdoing and, thus, that of the corporate defendant. The evidence as to the corporate defendant was overwhelming. Some of the same testimony implicated the individual defendants but did not serve as admissions of those defendants

Robison was relevant to the false statement count.  Among the instructions which the court gave

to the jury were the following:

> The charges against the Defendants in this case are before you
> in the form of counts which allege the violations of various federal
> offenses against one or more Defendants.  The charges against each
> Defendant in each count are to be considered separately by you as to
> each Defendant as if that Defendant were on trial before you
> separately.
>
> . . . .
>
> A separate crime or offense is charged against one or more of
> the Defendants in each count of the indictment.  Each charge, and the
> evidence pertaining to it, should be considered separately.  Also, the
> case of each Defendant should be considered separately and
> individually.  The fact that you may find any one or more of the
> Defendants guilty or not guilty of any of the offenses charged should
> not affect your verdict as to any other offense or any other Defendant.
>
> I caution you, members of the Jury, that you are here to
> determine from the evidence or lack of evidence  in this case whether
> a Defendant is guilty beyond a reasonable doubt or not guilty.  Each
> defendant is on trial only for the specific offense alleged in the
> indictment.
>
> When the Government alleges that a defendant committed a
> particular offense or offenses, the defendant may be only convicted
> of that specific offense or offenses and not an offense for which he
> was not charged.  Even if you believe that the Government has met
> its burden of proof, beyond a reasonable doubt, that a Defendant has
> committed an offense, you cannot  find that Defendant guilty of that
> offense if you determine that it was not an offense charged in the
> Indictment.
>
> . . . .
>
> Fourth, the lawyers' statements to you are not evidence except
> for stipulations.  The purpose of these statements is to discuss the
> issues and the evidence.  If the evidence as you remember it differs
> from what the lawyers said, your memory is what counts.

The jury clearly knew that it was to consider Robison's guilt or innocence only with regard to the false statement count.  The conspiracy count was not submitted to the jury as to Robison.

Defendants complain, for example, of the testimony of Wayne Hughes that Robison said "Thank you for turning my company in." This testimony was clearly relevant to the false statement count,  probably more so than to the conspiracy count.

Most, if not all, of Robison's arguments with regard to the conspiracy count could be made in any case where a defendant obtains a favorable ruling on a motion for judgment of acquittal.  Here, the focus on Robison related to his false statement in his response to the EPA, not on a conspiracy to discharge.  Again, that is why the court granted his motion with regard to the conspiracy count.  On the one hand, he argues that there was not sufficient evidence of his participating in a conspiracy.  On the other hand, he argues that the evidence related only to a conspiracy was substantial enough that it  tainted the false statement consideration.  The two arguments are somewhat conflicting.

Robison and McWane, Inc. have argued, "Defendants maintain that Count 23 does not allege personal knowledge that the statement was false ... ."  To the contrary, the redacted indictment Count 23 alleges that the defendants "knowingly and willfully make a materially false .... statement ... ." Further, "as defendants McWane and [Robison] then well knew and believed certain ... forms ... were false."

The argument of McWane, Inc.  and Robison would seem to suggest that it is impossible to prove a false statement charge with regard to the § 308 response which the defendants made.  This court cannot agree with this argument.  This motion will be denied.

**II**

**Renewed Joint Motion for Judgment of Acquittal as to Count One (Conspiracy) of McWane, Inc., James Delk, and Michael Devine**

The arguments made by these defendants with regard to this motion are very similar to those made by Robison referred to above.  The court's response is substantially the same.  The court's rulings as to the conspiracy count were made at the request of the defendants.  Substantially all of the evidence related to a conspiracy to discharge. The court concluded that other alleged objects as such were not appropriate.  Evidence relating to the other alleged objects, however, also related to the discharges.  Again, see the discussion with regard to motion I above.  This motion will be denied.

**III**

**Renewed Joint Motion of Defendants McWane, inc. and Charles "Barry" Robison for Arrest of Judgment as to Count 23 (False Statement)**

This motion will be denied.  See earlier discussions with regard to post -verdict motion for judgment as a matter of law and pre-trial opinion(s) and order(s).  See particularly opinion addressing Motion No. 10 filed on April 21, 2005.

**IV**

**Defendants' Joint Renewed Motion for Judgment of Acquittal as to Counts Two Through 22 (Clean Water Act)**

This motion re-raises issues previously addressed by the court before and during trial.  Particularly see an order of this court filed on March 14, 2005 addressing defendants' joint motion No. 4.  Also see order filed on March 3, 2005 with regard to defendants' motion No. 3.

There was repeated substantial evidence that illegal discharges took place continually, particularly on Friday nights during each month alleged.  The Government could have charged

5

daily violations.  The focus on months rather than days did not prejudice any defendant.  The

"double jeopardy" argument borders on being frivolous.

The court charged the jury, <u>inter alia</u>:

> In each of Counts 2 through 22, the Government has alleged
> that illegal discharges occurred during a particular calendar month.
> In order to convict a Defendant of any such count, you must all
> unanimously agree, in connection with the elements described
> previously, that the same unpermitted discharge occurred during the
> month charged in the count being considered.

This motion will be denied.

## V

## Defendant Michael Devine's Renewed Motion for Judgment of Acquittal as to Counts 1 (Conspiracy) and Counts 2, 3, 5 & 7-10 (Clean Water Act) and

## VI

## Defendant James Delk's Renewed Motion for Judgment of Acquittal as to Counts 1-3, 5, 7-19 and 21-11 (Conspiracy and Clean Water Act).

The court concludes that the evidence was sufficient as to defendants Delk and  Devine.

Most of their  arguments go to the weight of the evidence and purported conflicts between

witnesses.

As to Delk and Devine there was at least circumstantial evidence that they were responsible

parties who, at least tacitly, authorized the discharges on a repeated basis.  See <u>U. S. v. Hansen</u>, 262

F.3d 1217 (11th Cir. 2001).  In addition, there was some direct evidence of such authorization.  This

court acknowledges that the evidence as to Delk and Devine is certainly weaker than that as to

McWane, Inc.  The case is close as to both Delk and Devine, but there was, at least, a jury question.

These motions of defendants Delk and Devine will be denied.[2]

## VII

## Defendants' Joint Motion for a New Trial on Due Process Grounds

This general motion primarily dealing with conflicts in the evidence and the weight thereof will be denied.  The court, over the Government's objections, allowed a wide scope of discovery of the prior statements of witnesses.  The defendants repeatedly called attention to alleged variations.  The differences were not as far reaching as the defendants now suggest.  It is not unusual for trials to have arguable incidents of false and/or inconsistent statements. Compare <u>Ventura v. Attorney General, State of Florida</u>, No. 04-14564, 2005 WL 1869122 (11th Cir. Aug. 9, 2005).  That is why the Eleventh Circuit Pattern Criminal charges include the

---

[2]While the court did not give a <u>Pinkerton</u> charge, it does not reach the issue of whether evidence of a conspiracy and conviction thereof is sufficient to make a conspirator responsible for substantive crimes committed by co-conspirators even if there is not an instruction to that effect.  <u>Compare U. S. V. Shi Yan Liu</u>, 239 F.3d 138 (2d Cir. 2000).  Likewise, the court did not give a responsible party charge.  Again, the court does not reach the issue of whether such evidence would support the verdicts.  See <u>U.S. v. Hansen</u>, <u>supra</u>;  <u>U. S. v. McDonald & Watson Waste Oil Co.</u>, 933 F.2d 35 (1st Cir. 1991); and <u>U. S. v. Self</u>, 2 F.3d 1071 (10th Cir. 1993.) The court did give an aiding and abetting charge, including the following:

> So, if the acts or conduct of an agent, employee or other associate of a Defendant are willfully directed or authorized by that Defendant, or if a Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds that Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

> However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

following:

> . . . .

>> Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making those decisions you may believe or disbelieve any witness, in whole or in part.   Also, the number of witnesses testifying concerning any particular dispute is not controlling.

>> You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

>> You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

This the 13th day of September, 2005.

 

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

8